IN THE SUPREME COURT OF THE STATE OF NEVADA

ROBERT YBARRA, JR.,
Appellant,
vs.
TIMOTHY FILSON, WARDEN, ELY
STATE PRISON; AND ADAM P.
LAXALT, NEVADA ATTORNEY
GENERAL,
Respondents.

No. 72942

FILED

SEP 13 2019

ELIZABETH A. BROWN
CLERK OF SUPREME COURT
BY S. Young
DEPUTY CLERK

## ORDER OF AFFIRMANCE

This is an appeal from a district court order denying a postconviction petition for a writ of habeas corpus. Seventh Judicial District Court, White Pine County; Steve L. Dobrescu, Judge.

Appellant filed his petition on January 11, 2017, more than thirty years after the remittitur issued on appeal from the judgment of conviction. *Ybarra v. State*, 100 Nev. 167, 679 P.2d 797 (1984). The petition was therefore untimely filed. *See* NRS 34.726(1). Moreover, appellant acknowledges that he previously sought postconviction relief. The petition was therefore successive to the extent it raised claims that were previously litigated and resolved on their merits, and it constituted an abuse of the writ to the extent it raised new claims. *See* NRS 34.810(2). Accordingly, the petition was procedurally barred absent a demonstration of good cause and actual prejudice, NRS 34.726(1); NRS 34.810(3), or a showing that the procedural bars should be excused to prevent a fundamental miscarriage of justice, *Pellegrini v. State*, 117 Nev. 860, 887, 34 P.3d 519, 537 (2001).

19-38418

Appellant argues that he demonstrated good cause and prejudice sufficient to excuse the procedural bars, and that a fundamental miscarriage of justice would result if his petition was not considered, because *Hurst v. Florida*, 136 S. Ct. 616 (2016), set forth new retroactive rules that: (1) require trial courts to instruct jurors that the State must prove that the aggravating circumstances are not outweighed by the mitigating circumstances beyond a reasonable doubt, and (2) prohibit the reweighing of aggravating and mitigating circumstances when an aggravating circumstance is stricken by a reviewing court. We disagree. *See Castillo v. State*, 135 Nev., Adv. Op. 16, 442 P.3d 558 (2019) (discussing death-eligibility in Nevada and rejecting the arguments that *Hurst* announced new law relevant to the weighing component of Nevada's death penalty procedures or to appellate reweighing); *Jeremias v. State*, 134 Nev. 46, 57-59, 412 P.3d 43, 53-54 (rejecting the argument that *Hurst* announced new law relevant to the weighing component of Nevada's death penalty procedures), *cert. denied*, 139 S. Ct. 415 (2018).

Appellant also argues that the jury was not adequately instructed regarding the "depravity of mind" aggravating circumstance. This claim is waived as it could have been raised in a prior proceeding, and appellant does not explain why he has good cause to raise it now. *See* NRS 34.810(1)(b). To the extent he argues that the error renders him actually innocent, we disagree. *See Mitchell v. State*, 122 Nev. 1269, 1273–74, 149

SUPREME COURT
OF
NEVADA

(O) 1947A

P.3d 33, 36 (2006) ("Actual innocence means factual innocence, not mere legal insufficiency." (internal quotation marks and alterations omitted)).

Having concluded that no relief is warranted, we

ORDER the judgment of the district court AFFIRMED.

_____, C.J.
Gibbons

_____, J.          _____, J.
Pickering                             Hardesty

_____, J.          _____, J.
Parraguirre                          Stiglich

_____, J.          _____, J.
Cadish                               Silver


cc:     Hon. Steve L. Dobrescu, District Judge
        Federal Public Defender/Las Vegas
        Attorney General/Carson City
        White Pine County District Attorney
        White Pine County Clerk